# EXHIBIT C

FILED  
9-26-05  3:58pm  
MICHAEL K. JEANES, Clerk  
By O. CARDENAS  
Deputy

1  TERRY GODDARD, Attorney General  
   Firm Bar No. 14000  
2  Cameron H. Holmes  #004983  
3  Section Chief Counsel  
   Financial Remedies Section  
4  1275 West Washington Street  
   Phoenix, Arizona 85007-2926  
5  Telephone: 602 542-8482  
6  Attorneys for the STATE  
   CRMRacketeering@azag.gov  
7  

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA  
9              IN AND FOR THE COUNTY OF MARICOPA  

10  IN THE MATTER OF:  
11  
    In the matter of:                            Case No: CV 2005-008698  
12  The proceeds of Wachovia Corporation  
    Direct Deposit Account Numbers:              (Cross Reference #SW 2005-001633)  
13  2000026084477, 2000026090429                  **APPLICATION FOR ORDER OF**
14  and 2000026096326, in the name of             **FORFEITURE**
    Majestic Capital Management  
15  
16  

17      The State of Arizona requests an Order of Forfeiture of the property described in  
18  Appendix One hereto, pursuant to A.R.S. §§ 13-2314 and 13-4301 *et seq.*, because the statutory  
19  time periods set forth in A.R.S. § 13-4311 have expired and no timely claim has been properly  
20  filed relating to said property other than the Claim that has been stricken by the Court. The  
21  State hereby gives notice that it has lodged the attached proposed Order of Forfeiture for entry  
22  by the Court pursuant to Rule 58(d), Ariz. R. Civ. Proc., 16 A.R.S.  
23      The property described in Appendix One was seized for forfeiture pursuant to A.R.S. §  
24  13-4301 *et seq.* The seizure took place on the 19th of May, 2005.  
25

    The attached exhibits set forth facts sufficient to demonstrate probable cause to believe that the property listed in Appendix One is:

    1) An interest in, security of, claim against or property, office, title, license or contractual right of any kind affording a source of influence over an enterprise whose affairs a person conducted or participated in the conduct of through conduct included in A.R.S. § 13-2301(D)(4).

    2) Monies, negotiable instruments, securities, property and/or other things of value used or intended to be used in any manner or part to facilitate the commission of conduct included in A.R.S. § 13-2301(D)(4).

    See attached Exhibits A-C (Affidavits of Special Agent Steve Adelstein).

    The property is now within the jurisdiction of this Court.

    All persons defined as persons known to have an interest in the property have been served with a Notice of Pending Forfeiture as follows:

| NAME | MODE OF SERVICE | DATE |
|---|---|---|
| Karl E. Johnson | Certified Mail | 5-27-05 |
| Majestic Capital Mgmt | Certified Mail | 5-27-05 |
| Arizona Business Gazette | Publication | 6-16-05 |

    See attached Exhibit D, Proof of Service.

    No proper timely claim has been filed regarding the property listed in Appendix One, other than the Claim that has been stricken by the Court. This purported claim was filed on June 23, 2005. It is insufficient to establish standing in this matter because it was stricken by the Court on September 21, 2005.

    Therefore, under A.R.S. § 13-4314, the State requests that this Court enter the Order of Forfeiture lodged herewith.

Application for Order of Forfeiture- acct # 2000026084477

2

RESPECTFULLY SUBMITTED this 26th day of September, 2005.

TERRY GODDARD
ATTORNEY GENERAL

_____
Cameron H. Holmes
Assistant Attorney General
Attorneys for the STATE

ORIGINAL filed this
26th day of September, 2005 with:

Clerk of the Superior Court
Maricopa County

COPY of the foregoing hand-delivered
this 26th day of September, 2005, to:

The Honorable Colin F. Campbell
Maricopa County Superior Court
125 W. Washington, OCH-5
Phoenix, AZ

COPY of the foregoing and the accompanying Order mailed this
26th day of September, 2005 to:

BAYOU FUND LLC
40 Signal Road
Stamford, CT 06902

KARL E. JOHNSON
236 River Road
Flemington, NJ 08822

_____

Application for Order of Forfeiture- acct # 2000026084477

3

# EXHIBIT D

FILED
MICHAEL K. JEANES, Clerk
By_____ Deputy

1  TERRY GODDARD
   Attorney General
2  Firm Bar No. 14000
3
   Cameron H. Holmes
4  State Bar No. #004983
   Section Chief Counsel
5  Financial Remedies Section
   1275 West Washington Street
6  Phoenix, Arizona 85007-2926
7  Telephone: 602-542-8482
   Fax: 602-542-5997
8  Attorneys for the STATE
9  CRMRacketeering@azag.gov

10            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
11               IN AND FOR THE COUNTY OF MARICOPA

12 | IN THE MATTER OF:                        | Case No: CV 2005-008698
13 | The Proceeds of Wachovia Corporation      |
   | Direct Deposit Account Numbers:           | (Cross Referenced SW 2005-001633)
14 | 2000026084477, 2000026090429 and          |
   | 2000026096326 in the name of Majestic     | JUDGMENT:
15 | Capital Management                        | ORDER OF FORFEITURE
16

17       The State of Arizona having seized the property listed in Appendix One, attached hereto
18  and incorporated herein, for forfeiture pursuant to A.R.S. § 13-4305 and Notice of Pending
19  Forfeiture having been duly made pursuant to A.R.S. § 13-4307, the Court makes the following
20  Findings of Fact and Conclusions of Law and enters the following Order.
21                    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**
22       The property described in Appendix One is within the jurisdiction of the Superior Court.
23       All persons known to have an interest in the property have been timely served with
24  Notice of Pending Forfeiture, in compliance with A.R.S. § 13-4307.
25

1  The State has presented evidence and information, by Application for Order of Forfeiture and accompanying exhibits demonstrating probable cause to find and conclude that the property listed in Appendix One was:

1) An interest in, security of, claim against or property, office, title, license or contractual right of any kind affording a source of influence over an enterprise whose affairs a person conducted or participated in the conduct of through conduct included in A.R.S. § 13-2301(D)(4);

2) Monies, negotiable instruments, securities, property and/or other things of value used or intended to be used in any manner or part to facilitate the commission of an offense included in the definition of racketeering in A.R.S. § 13-2301(D)(4).

The above showing of probable cause satisfies the Court that forfeiture pursuant to A.R.S. §§ 13-2314 and 13-4301, *et seq.*, is authorized as to the property.

Probable cause having been shown to the satisfaction of the Court, the time for making claims having expired, the Claim filed on June 23, 2005 having been stricken by this Court, and no claimant having made timely proof as required by A.R.S. § 13-4304, the Court is obliged by A.R.S. § 13-4314 to order the property described in Appendix One forfeited to the State of Arizona.

## ORDER

All right, title and interest in the property described in Appendix One hereto is forfeited to the State of Arizona, Office of the Attorney General. Pursuant to A.R.S. §§ 13-4314(B) and (D) the State has clear title to the property and title to the property and its proceeds vested in the State on the commission of the act or omission giving rise to forfeiture. The Attorney for the State may transfer good and sufficient title to any subsequent purchaser or transferee, and the title shall be recognized by all courts, by this State and by all departments and agencies of this state and any political subdivision. Title shall pass free of any liens or encumbrances, including racketeering liens filed pursuant to A.R.S. § 13-2314.02.

Order of Forfeiture see: # 20000ZG084477

2

The Arizona State Treasurer is directed to transmit all monies described in Appendix One, together with all interest accrued thereon since its deposit with the Treasurer, to the Attorney General's Anti-Racketeering Revolving Fund for allocation in conformance with A.R.S. § 13-4315, except that in the event that the State of Arizona transfers the property or the action they shall be transferred as directed by the State pursuant to its authority under A.R.S. § 13-4306 (A).

The sale, encumbrance or other disposition of property ordered forfeited by this order shall not occur prior to the expiration of fifteen (15) days after this order is executed in order that an aggrieved claimant may apply for a stay on appeal by filing a supersedeas bond with the Superior Court pursuant to Rule 7, Arizona Rules of Civil Appellate Procedure. Failure to file a supersedeas bond in full compliance with Rule 7 will permit disposition of the property, resulting in loss of judicial jurisdiction and an inability to pursue any further action, including an appeal.

Pursuant to Rule 54(b) of the Rules of Civil Procedure, the Court has determined that there is no just reason for delay and it is therefore directed that judgment as provided herein shall be entered forthwith.

DONE IN OPEN COURT this day of 9/28/05.

_____
Honorable Colin F. Campbell
Judge of the Superior Court

Order of Forfeiture acct # 20000260084477

3

## APPENDIX ONE

001)  the proceeds of Wachovia Corporation Direct Deposit Account Number 2000026084477, together with all interest specifically attributable to such proceeds.

Order of Forfeiture acct # 2000026084477

2

# EXHIBIT E

Case 1:06-cv-02379-CM   Document 4-4   Filed 03/28/2006   Page 10 of 13

MICHAEL K. JEANES, CLERK
BY _____ DEP
FILED
2005 SEP -6 AM 9:22

**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Jeffrey B. Smith, SBN #002834
Scott A. Rose, SBN #005940
Patrick G. Rowe, SBN #018591
Arizona Attorneys for
   Claimant Bayou Fund, L.L.C.

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| IN THE MATTER OF: | Case No. CV 2005-008698 |
|---|---|
| The proceeds of Wachovia Corporation Direct Deposit Account Numbers: 2000026084477, 2000026090429 2000026030432 and 2000026096326 in the name of Majestic Capital Management | [Proposed] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR CLAIMANT BAYOU FUND, L.L.C. |

Upon the Motion of The Cavanagh Law Firm to Withdraw as Counsel of Record for Bayou Fund, L.L.C.;

IT IS HEREBY ORDERED allowing the withdrawal of the Cavanagh Law Firm from representation of Bayou Fund L.L.C. upon good cause demonstrated in the Motion of The Cavanagh Law Firm to withdraw.

DONE IN OPEN COURT this _____ day of _____, 2005.

By_____
The Honorable Colin F. Campbell
Superior Court of Arizona, Maricopa County

CAVPHXDB:1191878.1

# EXHIBIT F

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2005-008698                                                02/17/2006

HONORABLE PAUL J. MCMURDIE

CLERK OF THE COURT
C.I. Miller
Deputy

IN RE THE MATTER OF                          FILED: 02/24/2006

ARIZONA STATE                                CAMERON H HOLMES

                                             KEITH BEAUCHAMP

## HEARING MINUTE ENTRY

10:42 a.m. This is the time set for hearing oral argument on the State's Motions to Strike Claim of Majestic Capital Management and Bayou Fund (With Leave to Amend) and to Enlarge Time to File Complaint. The State is represented by Assistant Attorney General Cameron Holmes. Defendants are neither present nor represented by counsel.

Proceedings are recorded on CD (FTR) in lieu of a court reporter.

It is now 10:42 a.m. and this hearing was set for 10:30 a.m. The court has received neither written communication, telephonic request, nor returned mail from Defendants regarding their appearance today. No response to the State's motions have been filed or received by the court as well. Good cause appearing,

**IT IS ORDERED** granting the State's Motions to Strike Claims of Majestic Capital Management and Bayou Fund and has thirty (30) days from today (by March 17, 2006) to amend their Complaint.

10:44 a.m. Hearing concludes.