EXHIBIT  G

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Master Fund, Ltd.,<br>　　　　Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____ |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Fund A, Ltd.,<br>　　　　Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____ |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Fund B, Ltd.,<br>　　　　Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____ |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Fund C, Ltd.,<br>　　　　Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____ |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Official Liquidators for Bayou Offshore Fund D, Ltd.,<br>　　　　Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____ |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Official Liquidators for Bayou Offshore Fund E, Ltd.,<br>　　　　Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____ |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Official Liquidators for Bayou Offshore Fund F, Ltd.,<br>　　　　Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____ |

## MOTION OF THE PETITIONERS FOR ORDER
### DIRECTING JOINT ADMINISTRATION OF SECTION 304 CASES

Gordon I. MacRae and G. James Cleaver ("Petitioners"), as Joint Provisional Liquidators

("JPLs") of (a) Bayou Offshore Master Fund, Ltd., an exempted limited company ("ELC") organized

and incorporated under the laws of the Cayman Islands ("Master Fund"), (b) Bayou Offshore

Fund A, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund A"),

(c) Bayou Offshore Fund B, Ltd., an ELC organized and incorporated under laws of the Cayman

Islands ("Fund B"), and (d) Bayou Offshore Fund C, Ltd., an ELC organized and incorporated under

laws of the Cayman Islands ("Fund C", and together with the Master Fund, Fund A, and Fund B,

the "First Group of Funds"), and as Joint Official Liquidators ("Liquidators") of (x) Bayou Offshore

Fund D, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund D"),

(y) Bayou Offshore Fund E, Ltd., an ELC organized and incorporated under laws of the Cayman

Islands ("Fund E"), and (z) Bayou Offshore Fund F, Ltd., an ELC organized and incorporated

under laws of the Cayman Islands ("Fund F", and together with Fund D and Fund E, the "Second

Group of Funds") (the First Group of Funds and Second Group of Funds collectively constituting the

"Funds"), through their undersigned attorneys, in these ancillary cases pursuant to section 304 of

title 11 of the U.S. Code (the "Bankruptcy Code"), request by this Motion the entry of an order

directing joint administration of the above-captioned section 304 proceedings pursuant to Fed. R.

Bankr. Proc. (the "Bankruptcy Rules"), Rule 1015(b), Local Rule 1015-1 and section 105(a) of

the Bankruptcy Code. In support thereof, Petitioners respectfully represent as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court pursuant to 28 U.S.C. § 1410.

## BACKGROUND

2.    Walkers SPV Limited ("WSPV") is the holder of the management shares of the

First Group of Funds in its capacity as trustee pursuant to the Bayou Offshore Master Feeder

Fund Star Trust dated December 31, 2003. Separately, Heidi de Vries ("de Vries"), an attorney at Walkers, is the holder of the shares of the Second Group of Funds.

3.    Each Fund in the First Group of Funds was incorporated as a Cayman Islands' ELC on October 3, 2003. Each Fund in the Second Group of Funds was incorporated as a Cayman Islands' ELC on November 4, 2004. Samuel Israel III ("Israel") and Daniel Marino ("Marino") are directors of each Fund in the First Group of Funds, no directors ever having been appointed for the Funds in the Second Group of Funds.

4.    Israel is also the founding member of Bayou Management, LLC, investment manager of the Funds (the "Investment Manager"), and a shareholder of Bayou Securities, LLC. Marino is, *inter alia*, a shareholder and COO and CFO of the Investment Manager. During the July-August 2005 timeframe, Israel (at times individually or on the Investment Manager's behalf) informed investors that the Funds were to be closed and distributions to investors in the Funds were to be made forthwith. However, such distributions were not forthcoming, and during the latter half of August, news agencies began to report that: (a) U.S. state and federal officials were investigating the alleged disappearance of assets under management of the Investment Manager and starting to file related actions; and (b) that Arizona state officials had seized approximately $102 million of funds in which the Investment Manager and/or various related entities (including all the offshore Funds subject to the Cayman Island Proceedings (defined below)) may have or assert an interest.

5.    On September 1, 2005, WSPV passed resolutions directing the First Group of Funds to present petitions for winding-up to the Grand Court of the Cayman Islands ("Grand Court") and seeking appointment of the JPLs to act on behalf of such Funds under the Caymans Islands Companies Law, § 99 (2004 Rev.). Subsequently, petitions were presented in the Grand Court for the winding up of the First Group of Funds, and an *ex parte* summons was issued seeking the

appointment of Petitioners as the JPLs. By order of the Grand Court entered on September 2, 2005, Petitioners were appointed as JPLs of such Funds.

6. On September 5, 2005, de Vries passed resolutions placing the Second Group of Funds into voluntary liquidation, effectuating an appointment of Petitioners as the Liquidators to act on behalf of the Second Group of Funds under the Caymans Islands Companies Law, §§ 150 and 151. The Liquidators subsequently presented petitions in the Grand Court seeking to bring the liquidations of Funds in the Second Group of Funds under the Grand Court's supervision. On September 8, 2005, the Grand Court entered orders granting such petitions to this effect.

7. The provisional liquidations being administered by the JPLs on behalf of the First Group of Funds and liquidations being administered by the Liquidators on behalf of the Second Group of Funds are collectively referred to as the "Cayman Island Proceedings". Such proceedings were initiated to protect the interests of the Funds' respective creditors, investors and shareholders. In conjunction therewith, the above circumstances have necessitated commencement of this section 304 case in order that Petitioners employ the broadest range of all available rights and powers to protect the interests of stakeholders and pursue investigations into assets and liabilities of the Funds.

## RELIEF REQUESTED

8. By this Motion, Petitioners seek entry of an order directing a joint administration of these section 304 cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and LBR 1015-1, which provide that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases.

9. While Petitioners recognize that the Funds do not appear to be "affiliates" under 11 U.S.C. § 101, Funds A-F all appear to have been intended to be used to direct investments to the Master Fund, all Funds are represented by the same individuals acting as JPLs/Liquidators,

and all have foreign proceedings pending in the Grand Court in the Cayman Islands before the same Judge. Accordingly, Petitioners respectfully request that this Court treat the related Funds as affiliates solely for the purpose of entering an order to jointly administer these ancillary cases.

10.     Entry of an order directing joint administration of these section 304 cases will avoid duplicative notices, applications and orders, thereby saving the Funds considerable time and expense. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the ancillary cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

11.     Accordingly, the Petitioners respectfully request that the caption of the Funds' section 304 cases be modified to reflect the joint administration of these cases, as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| *In re:*<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, respectively as the Joint Provisional Liquidators or Joint Official Liquidators for Bayou Offshore Master Fund, Ltd., *et al.*,<br>Debtors in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-_____<br>(Jointly Administered) |

12.     The Petitioners also seek the Court's direction that a notation substantially similar to the following notation be entered on the case docket of each of the Funds to reflect the joint administration of these section 304 cases:

An order has been entered in this case (a) docketing the procedural consolidation and joint administration of (i) the Petition of Gordon I. MacRae and G. James Cleaver, as Joint Provisional Liquidators for Bayou Offshore Master Fund, Ltd., Case No. 05-_____; (ii) the Petition of Gordon I. MacRae and G. James Cleaver, as Joint Provisional Liquidators for Bayou Offshore Fund A, Ltd., Case No. 05-_____; (iii) the Petition of Gordon I. MacRae and G. James Cleaver, as Joint Provisional Liquidators for Bayou Offshore Fund B, Ltd., Case No. 05-_____; (iv) the Petition of Gordon I. MacRae and G. James Cleaver, as Joint Provisional Liquidators for Bayou Offshore Fund C, Ltd., Case No. 05-_____; (v) the Petition of Gordon I. MacRae and G. James Cleaver, as Joint Official Liquidators for Bayou

Offshore Fund D, Ltd., Case No. 05-_____; (vi) the Petition of Gordon I. MacRae and G. James Cleaver, as Joint Official Liquidators for Bayou Offshore Fund E, Ltd., Case No. 05-_____; and (vii) the Petition of Gordon I. MacRae and G. James Cleaver, as Joint Official Liquidators for Bayou Offshore Fund F, Ltd., Case No. 05-_____, and (b) that all further pleadings and other papers are filed in, and all further docket entries are made in, the docket of the "lead" Case No. 05-_____.

13.    The Petitioners will be seeking today by Order to Show Cause, with a Temporary Restraining Order, a Preliminary Injunction with respect to the Funds. Therefore, in order to enable Petitioners to benefit from the joint administration of these ancillary cases in the filing of the papers in support of that application, and to avoid making duplicative filings, the Petitioners request that the Court grant this Motion without notice to creditors. This procedure is authorized by Bankruptcy Rule 1015(c), which permits this Court to grant orders for joint administration on an expedited basis to avoid unnecessary costs and delay. Petitioners will serve the signed order on interested parties by U.S. mail, postage prepaid. In light of the nature of the relief requested, Petitioners submit and request that this Court hold that no further notice is required.

14.    The Petitioners submit that no novel issue of law is presented with respect to the matters contained herein and respectfully request that the requirement of a memorandum of law (to any extent otherwise applicable pursuant to any Local Bankruptcy Rules) be waived.

15.    No previous motion for the relief sought herein has been made by the Petitioners to this or any other court.

WHEREFORE, the Petitioners respectfully request that the Court grant the Motion in all respects and grant such other and further relief as it deems just and proper.

86314_2.DOC

Dated: Bridgeport, Connecticut
      September 9, 2005

                    DIAMOND McCARTHY TAYLOR FINLEY
                    BRYANT & LEE, L.L.P.

              By:    */s/ Arley D. Finley, III (by permission)*
                    Arley D. Finley, III (TX 07020400)
                    Kyung S. Lee (TX 12128400)
                    Douglas M. Stum (TX 00798532)
              6504 Bridgepoint Parkway, Suite 400
              Austin, Texas 78730
              Telephone: (512) 617-5200; Fax: (512) 617-5299

                    – AND –

              ZEISLER & ZEISLER, P.C.

              By:    */s/ James Berman*
                    James Berman (CT 06027)
              558 Clinton Avenue
              P.O. Box 3186
              Bridgeport, Connecticut 06605-0186
              Telephone: (203) 368-4234; Fax: (203) 367-9678

              U.S. COUNSEL FOR PETITIONERS

### CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2005, copies of the above *Motion* were served by first class U.S. mail, postage prepaid (and any other means noted below), to all parties as shown on the following Service List.

                    */s/ Arley D. Finley, III*
              James Berman or Arley D. Finley, III

                                      86314_2.DOC

## SERVICE LIST

Cameron H. Holmes, Esq.
Section Chief Counsel
Office of the Attorney General
1275 W. Washington
Phoenix, AZ 85007-2997

Paul J. Robbins
477 Damascus Drive
St. George, UT 84790

Gerald T. Giaimo, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910

William L. Prickett, Esq.
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

Jodi D. Luster, Esq.
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Daniel Marino
261 Bayberry Lane
Westport, CT 06880

South Cherry Street, LLC
c/o Eva M. Ciko
Kirkpatrick Lockhart Nicholson Graham, LLP
599 Lexington Avenue
New York, NY 10022

Bayou Management, LLC
40 Signal Road
Stamford, CT 06902

Bayou Securities, LLC
40 Signal Road
Stamford, CT 06902

Bayou Funds
40 Signal Road
Stamford, CT 06902

Bayou Advisors LLC
40 Signal Road
Stamford, CT 06902

Bayou Equities, LLC
40 Signal Road
Stamford, CT 06902

Paul T. Westervelt, Jr.
c/o Gary J. Gambel, T.A./Peter B. Sloss
Murphy, Rogers & Sloss
701 Poydras St., Suite 400
New Orleans, LA 70130

Paul T. Westervelt, Jr.
639 Loyola Ave.
New Orleans, LA 70113-3125

Paul T. Westervelt, III
c/o Gary J. Gambel, T.A./Peter B. Sloss
Murphy, Rogers & Sloss
701 Poydras St., Suite 400
New Orleans, LA 70130

David Egglishaw
Walkers SPV Limited
P.O. Box 908 GT
Mary Street
George Town, Grand Cayman, Cayman Islands

Nick Robinson
Walkers
Walkers House, P.O. Box 265 GT
Mary Street
George Town, Grand Cayman, Cayman Islands

Aristos Galatopoulos, Esq.
Maples and Calder
P.O. Box 309GT
Ugland House
South Church Street
George Town, Grand Cayman, Cayman Islands

Wachovia Bank, N.A.
401 Linden Street
Winston-Salem, NC 27150

Internal Revenue Service
Attn: Bankruptcy Procedures Dept.
135 High Street
Hartford, CT 06106

86360.2

Richard Blumenthal
Attorney General of the State of CT
P.O. Box 120
Hartford, CT  06141-0120

Securities & Exchange Commission
Attn:  Bankruptcy Services
175 W Jackson Blvd Suite 900
Chicago, IL 60604-2908

Connecticut Dept. of Banking
Securities & Business Investment Division
260 Constitution Plaza
Hartford, CT  06103-1800

U.S. Attorneys Office
Bridgeport Office
915 Lafayette Blvd., Room 309
Bridgeport, CT  06604

Patricia Beary
Assistant U.S. Trustee
265 Church Street, Suite 1103
New Haven, CT 06510

Arizona Attorney General's Office
C/o Special Agent Steve Adelstein
1275 West Washington
Phoenix, Arizona 85007-2997

Andrew Bowman, Esq.
1804 Post Road East
Westport, Connecticut 06880

Paul J. Robbins, Attorney for
Majestic Capital Management
477 Damascus Drive
St. George, Utah 84790

86360.2

# EXHIBIT  H

*(handwritten)* B 80
380380
8/9/05

Petitioners
Gordon Iain MacRae
First Affidavit
7th September 2005
Exhibits "GIM1" and "GIM2"

IN THE GRAND COURT OF THE CAYMAN ISLANDS

CAUSE NOS. 403 , 404 and 405 OF 2005

IN THE MATTER OF SECTION 150 OF THE COMPANIES LAW (2004 REVISION)

AND IN THE MATTER OF BAYOU OFFSHORE FUND D, LTD

AND IN THE MATTER OF BAYOU OFFSHORE FUND E, LTD

AND IN THE MATTER OF BAYOU OFFSHORE FUND F, LTD

---

## FIRST AFFIDAVIT OF GORDON IAIN MACRAE

---

I, **GORDON IAIN MACRAE**, Partner of Kroll (Cayman) Limited, PO Box 1102GT, 4th Floor Bermuda House, Dr. Roy's Drive, George Town, Grand Cayman, Cayman Islands **MAKE OATH AND SAY** as follows:

1    I am a Partner of Kroll (Cayman) Limited.  On 5th September 2005 I was appointed together with G James Cleaver, also a Partner of Kroll (Cayman) Limited, as liquidator (together the "Liquidators") of Bayou Offshore Fund D, Ltd, Bayou Offshore Fund E, Ltd and Bayou Offshore Fund F, Ltd (the "Funds") pursuant to special resolutions of the shareholder of the Funds.

2    I make this affidavit in support of the Funds' petitions, filed by the Liquidators, for orders that the voluntary liquidations of the Funds be continued subject to the supervision of the

Court (the "Petitions").  I am duly authorised to make this affidavit on behalf of the Liquidators by Mr Cleaver.

3    The facts and matters deposed to in this affidavit are derived either from my own personal knowledge, in which case I confirm that they are true, or from information provided to me by the Liquidators' staff, their attorneys, or third parties, in which case I identify the source of the information and confirm that such facts or matters are true to the best of my knowledge and belief.

4    There are now produced and shown to me marked "GIM1" and "GIM2" paginated bundles of documents to which I refer in this Affidavit.

**The Petitions**

5    I confirm that the contents of the Petitions, where they are derived from my own personal knowledge, are true, or where they are derived from work undertaken by the Liquidators' staff and their attorneys or information provided by third parties, are true to the best of my knowledge and belief.

**The Funds**

6    The Funds were incorporated on 4th November, 2004 as exempted companies in the Cayman Islands.  The Liquidators have been informed by David Egglishaw of Walkers SPV Limited that the purpose and principal activity of the Funds was to act as feeder funds through which investors could invest in a "master" fund called Bayou Offshore Master Fund, Ltd (the "Master Fund").

7    The Funds are three of six such feeder funds established in the Cayman Islands.  The other three (Bayou Offshore Fund A, Ltd, Bayou Offshore Fund B, Ltd, and Bayou Offshore Fund C, Ltd ("the Sister Funds")) are in provisional liquidation pursuant to Orders of Mrs Justice Levers made on 2nd September, 2005.  The Master Fund is also in provisional liquidation pursuant to the Order of Mrs Justice Levers made on 2nd

September, 2005. The Joint Provisional Liquidators of the Sister Funds and the Master Funds are Mr Cleaver and me.

8    The Funds' records indicate that directors have not been appointed to the Funds.

**Background**

9    As described above, the Sister Funds, and the Master Fund for which the Funds were apparently designed to act as feeder funds, are in provisional liquidation. The Joint Provisional Liquidators were appointed following the filing of winding up petitions and *ex parte* applications for the appointment of provisional liquidators by the Sister Funds and Master Fund in respect of themselves.

10   Detailed background to the basis for the appointment of the Joint Provisional Liquidators can be found in the affidavit of Mr David Egglishaw of Walkers SPV Limited dated 2nd September 2005 in cause numbers 394, 395, 396 and 397 of 2005 (the "Egglishaw Affidavit") to which I respectfully refer. A copy of the Egglishaw Affidavit, and the exhibits thereto, is at exhibit "GIM1".

11   The Egglishaw Affidavit refers to a number of recent events relating to the Sister Funds and the Master Fund, and to apparently related entities in the U.S that appear to be part of a wider group of investment funds and investment management companies that I will refer to hereafter as the "Bayou group". From the matters set out in the Egglishaw Affidavit, from press reports and given the existence of a number of lawsuits and investigations which appear to be underway in the U.S., it appears that there is significant uncertainty regarding the location, amount and ownership of assets invested with and through the Bayou group, that there are serious concerns on the part of investors and U.S. regulators, and that there are allegations of serious misconduct and possible fraud being made against the directors of the Funds and companies in the Bayou group. See in particular paragraphs 11 and 12 of the Egglishaw Affidavit and the press articles set out at pages 11 to 28 of the exhibit to the Egglishaw Affidavit.

12    There are at pages 1 to 14 of "GIM2" a sample of the numerous press articles that have appeared in major U.S. and foreign journals since the date of the Egglishaw Affidavit, which will assist in updating the Court on developments that have taken place in the U.S. relating to the Bayou group in that time. Amongst other matters it appears that the Bayou group is now subject to inquiries in the U.S. from the Federal Bureau of Investigation, the Securities and Exchange Commission, and the Conneticut Department of Banking.

13    There have also been a number of further formal actions taken in respect of the Bayou group beyond those mentioned in the Egglishaw Affidavit. A Denver based money manager, South Cherry Street LLC, has applied to the New York state court for an order freezing assets relating to the Bayou group. It also appears from the press reports that the U.S. attorney's office in Manhattan has filed a lawsuit seeking the forfeiture of assets of members of the Bayou group and alleging fraud on the part of the Bayou group's principals.

14    The Joint Provisional Liquidators have attempted to contact Mr Israel and Mr Marino, the directors of the Sister Funds and the Master Fund. They have to date had no response from Mr Israel. I spoke to Mr Marino on 6 September 2005 and he asked me to liaise with his attorney.

**The current petitions**

15    The issues raised in the Egglishaw Affidavit, including Walkers SPV Limited's inability to contact the directors of the Sister Funds and the Master Fund, and the events involving Mr Marino, prompted Walkers SPV Limited to cause the Sister Funds and the Master Fund to issue petitions to wind themselves up and to apply for the appointment of the Joint Provisional Liquidators.

16    On 5th September 2005 the shareholder of the Funds passed special resolutions to place the Funds into voluntary liquidation and appoint the Liquidators. Copies of those resolutions, which were not notified to and received by the Liquidators until the evening of 6 September 2005, are at pages 15 to 17 of "GIM2".

17    Given the circumstances described above and in the Egglishaw Affidavit, and given that
      the Sister Funds and the Master Fund are in provisional liquidation and are the subject of
      pending petitions to wind them up by the Court, the Liquidators consider that it is
      appropriate and desirable for the liquidations of the Funds to be brought under the
      supervision of the Court.   Court supervision will ensure that the Funds are treated
      consistently with the Sister Funds and the Master Fund, and will ensure that the Court
      continues to be appraised about the serious and potentially contentious allegations being
      made in respect of the Bayou group.  I am advised that it will also make recognition of
      the Liquidators' appointment and powers easier and more effective in other jurisdictions,
      notably the U.S.  The need for such urgent recognition, which is set out in more detail
      below, explains the urgency of the Petitions which this Affidavit supports.

18    In that regard, it is the Liquidators' intention, if the Court is prepared to grant the orders
      sought, to seek the protection of the U.S. Bankruptcy Court under the provisions of
      section 304 of the U.S. Bankruptcy Code in respect of the Funds.  I am advised that these
      provisions enable the Liquidators to have their powers formally recognized by the U.S.
      Bankruptcy Court and have a moratorium imposed against suits and proceedings against
      assets of the Funds of an equivalent nature to the moratorium provided in the Cayman
      Islands by section 101 of the Companies Law (2004 Revision).

19    Given that the Bayou group appears to have substantially operated from the U.S., that its
      directors appear to be U.S. citizens, and given the number of lawsuits already being
      issued in relation to the Bayou group in the U.S., the Liquidators are advised and consider
      that such protection is desirable to ensure that the assets of the Funds are, as far as
      possible, protected in the U.S. as well as in the Cayman Islands to enable the Liquidators
      to investigate and, as far as possible, collect and realize those assets for the benefit of
      creditors and investors in accordance with Cayman Islands law.

20    The Joint Provisional Liquidators are already taking steps to seek such protection in
      respect of the Sister Funds and the Master Fund.  Significant efficiencies and cost savings
      will be achieved if one application can be made to the U.S. Bankruptcy Court in respect
      of the Funds, the Sister Funds and the Master Fund, particularly given that the issues

surrounding such applications are similar if not identical. The Liquidators have therefore requested that these Petitions be heard as a matter of urgency to enable them to make such a single application to the U.S. Bankruptcy Court if the orders sought by the Petitions are granted.

SWORN to at     )

George Town, Grand Cayman )

this 7th day of September 2005 )

before me      )

_GORDON IAIN MACRAE_

Notary Public

THIS Affidavit is filed by Maples and Calder, attorneys-at-law for the Applicants whose address for service is Ugland House, South Church Street, P.O. Box 309, George Town, Grand Cayman. (Ref: BDM/AAG)

# EXHIBIT  I

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| **In re:**<br>**Petitions of GORDON I. MACRAE and G.**<br>**JAMES CLEAVER, respectively as the**<br>**Joint Provisional Liquidators or as the**<br>**Joint Official Liquidators for:** | **In Ancillary Proceedings**<br>**Under**<br>**§ 304 of the Bankruptcy**<br>**Code:** |
| **Bayou Offshore Master Fund, Ltd.,**<br>**Bayou Offshore Fund A, Ltd.,**<br>**Bayou Offshore Fund B, Ltd.,**<br>**Bayou Offshore Fund C, Ltd.,**<br>**Bayou Offshore Fund D, Ltd.,**<br>**Bayou Offshore Fund E, Ltd., and**<br>**Bayou Offshore Fund F, Ltd.,** | **Case No. 05-51154**<br>**Case No. 05-51155**<br>**Case No. 05-51156**<br>**Case No. 05-51157**<br>**Case No. 05-51158**<br>**Case No. 05-51159**<br>**Case No. 05-51160** |
| **Debtors in Foreign Proceedings.** | |

## ORDER FOR PRELIMINARY INJUNCTION
## AND GRANTING OF PETITIONS UNDER SECTION 304

Upon consideration of the *Verified Petition in Support of the Commencement of a Case Ancillary to a Foreign Proceeding Pursuant to Section 304 of the Bankruptcy Code and For a Preliminary Injunction Under Section 304(b) of the Bankruptcy Code* (the "Petitions") filed on September 9, 2005, and the *Order to Show Cause with Respect to Temporary Restraining Order and For Preliminary Injunction* (the "Show Cause Orders") entered on September 9, 2005, with respect to each of (a) Bayou Offshore Master Fund, Ltd., an exempted limited

company ("ELC") organized and incorporated under the laws of the Cayman Islands (the "Master Fund"), (b) Bayou Offshore Fund A, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund A"), (c) Bayou Offshore Fund B, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund B"), and (d) Bayou Offshore Fund C, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund C", and together with the Master Fund, Fund A, and Fund B, the "First Group of Funds"), and with respect to each of (x) Bayou Offshore Fund D, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund D"), (y) Bayou Offshore Fund E, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund E"), and (z) Bayou Offshore Fund F, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund F", and together with Fund D and Fund E, the "Second Group of Funds") (the First Group of Funds and the Second Group of Funds collectively constituting the "Funds"), pursuant to Fed. R. Bankr. P. Rule 7065, Fed. R. Civ. P. Rule 65 and sections 105 and 304(b) of title 11 of the U.S. Code (the "Bankruptcy Code"), and the Court having considered and reviewed the Petitioners' *Memorandum of Points and Authorities in Support of Petitions And*

86827.3

*Application for an Order to Show Cause* submitted on September 9, 2005, the Affidavit of Publication filed on September 16, 2005, the Affidavits of Return of Summons filed on September 22, 2005, the several Orders of the Grand Court of the Cayman Islands (the "Grand Court") respectively dated September 2, 2005 or September 8, 2005, appointing and/or recognizing Gordon I. MacRae and G. James Cleaver (the "Petitioners"), as Joint Provisional Liquidators (the "JPLs") of the Funds in the First Group of Funds and as Joint Official Liquidators ("Liquidators") of the Funds in the Second Group of Funds (as annexed to the Petitions, collectively the "Grand Court Orders") (such proceedings before the Grand Court collectively constituting the "Cayman Proceedings"), and based upon the testimony, evidence and arguments of counsel submitted and presented at the hearing held by the Court on October 5, 2005, including the submissions of counsel regarding (i) the resolution of the *Objection to Request for Preliminary Injunction* served on the Court and Petitioners by ERF Hedge Fund, LLC ("ERF"), (ii) the resolution of the *Motion to Dismiss for Lack of Venue* and *Memorandum in Support of Motion to Dismiss or In Opposition to Petitioners' Application for Preliminary Injunction* filed by Silver Creek

86827.3

Capital Management LLC and Silver Creek Long/Short Holdings L.L.C. (together, "Silver Creek"), and (iii) the inclusion of carve-out language herein sought by ERF, Silver Creek or other parties relating to actions initiated by the Arizona Attorney General's Office, the U. S. Attorney for the Southern District of New York and the Securities & Exchange Commission, the Court makes the following findings of facts and conclusions of law:

1) The Court has jurisdiction over these matters under, *inter alia*, 11 U.S.C. § 304.

2) Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

3) Notice and/or service respectively of the Petitions and the Show Cause Orders was proper, appropriate and sufficient under the circumstances.

4) The First Group of Funds is subject to court-supervised winding-up proceedings in the Cayman Islands. In furtherance of these proceedings, Petitioners, Gordon I. MacRae and G. James Cleaver, have been appointed JPLs by order of the Grand Court dated September 2, 2005.

5) The voluntary liquidation of the Second Group of Funds was initiated by special resolution of the holder of the shares of the Second Group of Funds effectuating an appointment of the Petitioners, Gordon I MacRae and G. James Cleaver, as Liquidators of the Second Group of Funds on September 5, 2001. By order of the Grand Court dated September 8, 2005, the liquidations of the Second Group of Funds were brought under the Grand Court's supervision and the

86827.3

appointments of MacRae and Cleaver as Joint Official Liquidators were effectuated.

6)    Gordon I. MacRae and G. James Cleaver are "foreign representatives" of the Funds and the Cayman Proceedings are "foreign proceedings" - all within the meaning of sections 101(23), 101(24) and 304 of the Bankruptcy Code.

7)    The factors set forth in section 304(c)(1)-(5) of the Bankruptcy Code weigh in favor of granting ancillary relief. Accordingly, the Court concludes that ancillary relief under section 304 of the Bankruptcy Code is appropriate under the circumstances.

8)    Subject to carve-outs with respect to the Arizona Attorney General's Office, the U. S. Attorney for the Southern District of New York and the Securities & Exchange Commission, the commencement or continuation of any judicial, arbitral, administrative, or regulatory action or proceeding involving the Funds, or any property in which the Funds have an interest, or any proceeds thereof, or the withdrawal from, setting-off against, or other application of property, including funds or other property in any account, in which the Funds have an interest, in the United States, should be enjoined pursuant to section 304(b) of the Bankruptcy Code to permit expeditious and economical administration of the Funds' affairs in aid of the pending proceedings brought under Cayman Islands law, and the relief requested will not cause hardships to the parties that are not outweighed by the benefits;

9)    Subject to carve-outs with respect to the Arizona Attorney General's Office, the U. S. Attorney for the Southern District of New York and the Securities & Exchange Commission, it appears to the Court that unless a preliminary injunction is issued one or more parties-in-interest may commence or continue the prosecution of judicial, arbitral, administrative, or regulatory actions or proceedings involving the Funds, or

86827.3

property in which the Funds have an interest, or proceeds thereof, and/or seek to retain assets of the Funds, and/or withdraw from, set-off against, or otherwise apply property, including funds or other property in accounts, in which the Funds have an interest, in the United States, thereby interfering with, and causing harm to, Petitioners' efforts to administer the Funds' affairs and, as a result, the Petitioners will suffer immediate and irreparable injury for which they will have no adequate remedy at law; and

10) The interest of the public will be served by this Court's granting of the relief requested by the Petitioners.

Based upon the foregoing, it is

ORDERED that the Petitions under section 304 of the Bankruptcy Code, with respect to each and all of the Funds, are hereby granted, and it is further

ORDERED that a Preliminary Injunction is hereby issued:

(a) Except as set forth in Carve Out 1 below, enjoining all persons and entities from (i) taking any action to obtain possession of or exercise control over the books, records and property of the Funds in the United States; (ii) taking any action to create, perfect or enforce any lien against the Funds or their property in the United States; (iii) transferring, relinquishing or disposing of any property of the Funds in the United States; (iv) commencing or continuing any action or other legal proceeding against the Funds, or any of their property in the United States, and seeking discovery of any nature (except with respect to discovery related to affirmative claims being brought by the Funds) against the Funds without first seeking and receiving permission by the Grand Court in the Cayman Proceedings; and (v) enforcing

86827.3

any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Funds, and commencing or continuing any act or action or other legal proceeding or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against the Funds, or any of their property in the United States;

(b)    Except as set forth in Carve-Out 1 and 2 below, requiring all persons or entities in possession, custody or control of the books, records and property of the Funds, or the proceeds thereof, in this district, to turn over and account to Petitioners for such books, records, property or proceeds. Consistent with Carve-Out 1 below, it is understood that the Liquidators will assert affirmative claims, through a claims process, through initiation of litigation, or through other such process, with respect to the Seized Funds (as defined below) and other allegedly commingled assets and/or proceeds held or controlled by Bayou Management, LLC, Bayou Securities and/or any related Bayou onshore entities, or any Trustee or Receiver appointed with respect to those entities or such assets;

**Carve-Out 1:**

PROVIDED, HOWEVER, that with respect to subsections (a) and (b) above, the injunctive and turn-over relief granted herein shall not enjoin the proceedings of (i) the Arizona Attorney General in Case No. CV 2005-008698 pending in the Supreme Court of Arizona in and for the County of Maricopa (the "Arizona Forfeiture Action"), (ii) the United States Attorney for the Southern District of New York in Civil Action No. 05-Civ-7722 currently pending in the United States District Court in the Southern District of New York (the "U.S. Forfeiture Action") and in Criminal Actions 05-CR-1036 (CM) and 05-CR-1039 (SCR) currently pending in the

United States District Court for the Southern District of New York, and any other civil or criminal action brought by the United States Attorney for the Southern District of New York, or (iii) any actions initiated by the Securities Exchange and Commission, or any state securities regulator or law enforcement agency (collectively, "Regulatory Actions"). It is not the intent or scope of this Order to effect the disposition of the $100,010,673.68 ("Seized Funds") presently subject to the Arizona Forfeiture Action. As to the Seized Funds, the Petitioners are authorized under Cayman law to make claims on behalf of the Funds, and the injunctive provisions set forth in subsection (a) hereof shall be in full force and effect as to any and all individuals or entities asserting claims against these monies vis-à-vis their status as investors or creditors of the Funds;

### Carve-Out 2:

FURTHER, with respect to the *Objection* of ERF, it is not the intent of this Order to require the turnover or an accounting of the 2004 redemption-based distribution to ERF. The Petitioners reserve the right to challenge this transaction through further actions within these Ancillary Proceedings under section 304 of the Bankruptcy Code and/or the Cayman Proceedings, and ERF reserves its right to challenge such future actions;

### Carve-Out 3:

FURTHER PROVIDED, HOWEVER, that nothing in this order shall be interpreted to prohibit the commencement or prosecution of any claims against any Bayou onshore entity, Samuel Israel III, Daniel Marino or persons acting as agents for or in concert with them, and to the extent that the Petitioners assert an affirmative claim with respect to any property held in the name of or on behalf of any Bayou onshore entities or in any Regulatory Actions, nothing in this

order shall preclude all lawful discovery permitted in such actions including, but not limited to, discovery from the Funds.

(c)    Requiring creditors of the Funds and all other persons or entities that have a claim of any nature or source against any of the Funds and who are a party to any action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever, except for these Ancillary Proceedings under section 304 of the Bankruptcy Code and any SEC action) which is pending in the United States in which any of the Funds are or were named as a party, or as a result of which a liability of the Funds may be established, to place Petitioners' United States counsel, Diamond McCarthy Taylor Finley & Lee, L.L.P. (Attn: Arley D. Finley, III), 6504 Bridgepoint Parkway, Suite 400, Austin, Texas 78730 and Cayman Islands counsel, Maples and Calder (Attn: Aristos Galatopoulos, PO Box 309GT, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands), on the master service list of any such action or other legal proceeding and to take such other steps as may be necessary to ensure that such counsel receive (i) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding, and (ii) any and all correspondence, or other documents circulated to parties named in the master service list; and

(d)    Enjoining and restraining all persons and entities (including all creditors of the Funds, and anyone acting on their behalf) from taking any action and/or engaging in any efforts to collect any amounts due, in the United States, including, but not limited to,

86827.3

sending a notice of default or notice of acceleration as a result of the commencement of these Ancillary Proceedings under section 304 of the Bankruptcy Code or the Cayman Proceedings.

Dated: October 5, 2005.

Alan H. W. Shiff
United States Bankruptcy Judge